*235 OPINIÓN of theCotirt, by
Ch. J. Bótíé.
This was a bill filed by the defendants in error against the Ílaintiff, in which they allege that they had become the onajide purchasers at public auction, of certain slaves a»d .other personal estate taken and sold in satisfaction •f sundry executions and fee-bills issued against the *236 tate of Nicholas Arnold ; that subsequent thereto the, plaintiff in error, in virtue of an execution issued by him against the estate of said Nicholas Arnold, had caused the same slaves and other personal estate to be seized by the sheriff, and that he had indemnified the sheriff, and was about to have the same sold, notwithstanding a jury empannelled to try the right of property had decided in their favor : and they therefore prayed for and obtain, ed an injunction.
The plaintiff in error by his answer insists that the defendants had not made such purchase as they pretend, or if they had that it was merely colourable, and fraudulent as to creditors.
On a final hearing the injunction was made perpetual by a decree of the court below; to reverse which, this, writ of error is prosecuted.
According to the decision of this court in the case of Nesmieth vs. Bowler, (vol. 3, 487) a court of equity is not competent to give relief in a case of this kind, and we have still no doubt of the correctness of that decision. A court of equity will sometimes interpose to prevent a permanent injury to real estáte, as in the case of a nuisance or waste ,• because the compensation afforded by acourt of law for such injuries is in many cases an inadequate reparation for the damages sustained. But a court of equity will never grant an injunction to prevent a mere trespass even to real estate (3 Atkins 21) ; and much less ought it to interpose for the purpose of preventing a wrong to personal property. If in this case any circumstance had been alleged which would have shown that if the property were sold the complainants would he without remedy at law, the case would have been different; but no such circumstance is alleged. If the right be with them, and the sheriff shall proceed to sell, there can be no question that they can maintain an action of trespass or trover, as well against him as the plaintiff in error, or that they may recover the specific property with damages for its detention, in an action of detinue against any person claiming under a sale made by the sheriff: and therefore, if the injury should be done, they would not he without an adequate remedy at law.
The decree of the inferior court must be reversed with costs, and the cause remanded that the bill may be dismissed with costs.