The Chief Justice
delivered the opinion of the court.
There is not a solitary circumstance in this case which can, in principle, distinguish it from the cases of Nismith vs. Bowler, 3 Bibb, 487, and Kendrick vs. Arnold, 4 Bibb, 235, in both of which cases it was held, that a court of equity was ihcompetent to give relief. The idea that a court of equity has jurisdiction of this case, because the property taken in execution by the defendant, is held by the complainant in trust for a third person, is most indisputably without any foundation in principle.
As between the trustee and the cestui que trust, and those claiming under them, a court of equity has, no doubt, ju-risdietion for the purpose of enforcing the faithful execution of the trust. Butin a controversy like the present, between the trustee and a stranger to the trust, there caa n0 prctence f°r *^le interposition of a court of equity, If the complainant, as trustee, has any right to the property in question, in this case, his right must be a legal one, and consequently a court of law will afford an adequate remedy for 0nJ wrong done to it. *
The decree of the coürt below, therefore, dismissing the cornP^a'nan*',s kill, is correct, and must be affirmed with cost, and the cause be remanded, that the bill may be dis.missed with costs.